IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILTON KARRIEM MINCY, | ) |
| | ) |
| Plaintiff, | )   Case No. 1:09-cv-236-SJM-SPB |
| | ) |
| v. | ) |
| | ) |
| SECURITY LIEUTENANT | ) |
| WILLIAM P. McCONNELL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff's civil rights complaint was received by the Clerk of Court on September 10, 2009 and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.  Plaintiff's second amended complaint [72], which is the operative pleading in this case, includes claims that the Defendants violated Plaintiff's rights under the First and Fourteenth Amendments to the U.S. Constitution as well as Plaintiff's rights under Article 1, §§ 20 and 26 of the Pennsylvania Constitution.  In relevant part, Plaintiff claims that Defendant McConnell retaliated against him for the exercise of his First Amendment rights by (i) forcing Plaintiff to recant, as a quid pro quo for being released from SCI-Albion's Restricted Housing Unit ("RHU"), allegations made in connection with civil action pending against other DOC employees at SCI-Mahanoy, (ii) forcing Plaintiff to serve an additional week in the RHU, and (iii) issuing a false misconduct against Plaintiff.

On December 19, 2011, this Court entered a Memorandum Order [93] adopting the Magistrate Judge's report and recommendation [92] that the Defendants' motion to dismiss [74] be granted in part and denied in part and that the Plaintiff's motion for

summary judgment [77] be denied without prejudice. In particular, the Defendants' motion was granted insofar as it pertained to: (i) Plaintiff's Fourteenth Amendment due process and equal protection claims, (ii) Plaintiff's First Amendment retaliation claim premised upon the issuance of an allegedly false misconduct against Plaintiff, and (iii) Plaintiff's claim for compensatory damages.  Defendants' motion to dismiss was denied insofar as it pertained to Plaintiff's retaliation claims premised upon the alleged forced recantation and the imposition of one week's extra time in the RHU.

On February 9, 2012, Plaintiff filed a motion for an extension of time in which to file an "appeal" of the Magistrate Judge's Report and Recommendation [96], which this Court essentially construed as a motion for leave to file objections to the R&R and receive *de novo* review of the same, *nunc pro tunc.* On March 26, 2012, this motion was granted (see text order of 3/26/12), and Plaintiff's objection to the R&R [104] were filed on April 6, 2012.  In the meantime, this case was referred back to the undersigned in anticipation of trial on Plaintiff's remaining claims.  (See text order of 3/19/12.)

In his objections, Plaintiff essentially raises two arguments.  First, Plaintiff objects to the dismissal of his First Amendment retaliation claim premised upon Defendant McConnell's issuance of an allegedly false misconduct.  Second, he asserts that summary judgment should have been entered in his favor on each of his First Amendment retaliation claims.[1]

---

[1] Plaintiff does not appear to challenge the Court's rulings relative to his Fourteenth Amendment due process and equal protection claims.  Therefore, those claims will not be addressed further.

(i)

We consider first the dismissal of Plaintiff's retaliation claim premised upon the issuance of an allegedly false misconduct, specifically, Misconduct Report # 839577. (See Ex. 13A to Second Amended Complaint (Doc. # 72-1 at p. 42.)  Under the law of this circuit,

> [a] prisoner alleging that prison officials have retaliated against him for exercising his constitutional rights must prove that:  1) the conduct in which he was engaged was constitutionally protected; 2) he suffered "adverse action" at the hands of prison officials; and 3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir.2001) (*adopting Mount Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S. Ct. 568, 50 L.Ed.2d 471 (1977)).  Once a prisoner has made his prima facie case, the burden shifts to the defendant to prove by a preponderance of the evidence that it "would have made the same decision absent the protected conduct for reasons reasonably related to penological interest." *Id*. at 334 (incorporating *Turner v. Safley*, 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987)).

*Carter v. McGrady*, 292 F.3d 152, 157-58 (3d Cir. 2002).

In her Report and Recommendation which this Court adopted, the Magistrate Judge opined that Plaintiff had alleged sufficient facts to establish a prima facie retaliation claim.  Nevertheless, she agreed with the Defendants that "the fact that Plaintiff was found guilty of the challenged misconduct 'essentially precludes any finding that the misconduct was issued by McConnell out of some retaliatory animus.'"  (Report and Recommendation [92] at p. 15.)  In support of this proposition, the Magistrate Judge cited to *Carter, supra, Williams v. Sebek,* 2008 WL 859006 at *8 (W.D. Pa. Mar. 31, 2008), and *King v. Barone,* 2011 WL 3809940 at *7 (W.D. Pa. Aug. 4, 2011).

Plaintiff takes issue with this point; he disputes the idea that a finding of guilt on a prison misconduct charge automatically "checkmates" a prisoner's retaliation claim.  We conclude that his objection on this limited point is well-taken.  Plaintiff fairly observes

that, in *Carter,* the controlling precedential case in this circuit, the Court of Appeals granted summary judgment for the defense based on the "quantum of evidence" in the record concerning the plaintiff's misconduct, not the mere fact that the prisoner had been found guilty of the misconduct. See 292 F.3d at 152. In particular, the court found that, "[e]ven if prison officials were motivated by animus to jailhouse lawyers [such as Carter], Carter's offenses … were so clear and overt that we cannot say that the disciplinary action taken against Carter was retaliatory." *Id*. Thus, we agree with Plaintiff that *Carter* should not be read as establishing a *per se* bar against retaliation claims in every instance where a prisoner is found guilty of an allegedly false misconduct charge.

On the other hand, *Carter* reminds us that "decisions of prison administrators are entitled to great deference," 292 F.3d at 158, and these officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. (*quoting Bell v. Wolfish*, 441 U.S. 520, 547 (1979)). This concern is reflected in the *Carter* court's ruling that prison officials may prevail against a *prima facie* retaliation claim "by proving *that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest*." Id. at 159 (quoting *Rauser v. Horn,* 241 F.3d 330, 334 (3d Cir. 2001) (emphasis in the original).

In *Henderson v. Baird*, 29 F.3d 464, the Eighth Circuit Court of Appeals articulated a somewhat more nuanced approach, suggesting that a First Amendment claim premised upon allegedly false and retaliatory misconduct charges is conclusively

barred as long as there is some evidence to support the prison administration's determination of guilt. *See id*. at 469 ("The prison disciplinary committee found that Henderson committed an actual violation of prison rules based on Officer Baird's description of the event. Because the finding was based on some evidence of the violation, the finding essentially checkmates his retaliation claim.").[2]

Henderson's approach has occasionally been adopted in unreported decisions within this circuit. *See, e.g., Nifas v. Beard*, 374 Fed. Appx. 241, 244 (3d Cir. 2010) ("Nifas's retaliatory discipline claim fails because there is 'some evidence' supporting the guilty findings for the three disciplinary charges brought against Nifas after he filed his grievance in October 2006.") (*citing Henderson, supra*); *Williams v. Sebek*, Civil Action No. 05-1203, 2008 WL 859006 (W.D. Pa. Mar. 31, 2008) (stating that "the finding of guilt of the underlying misconduct charge satisfies a defendant's burden of showing that he would have brought the misconduct charge even if plaintiff had not filed a grievance" but citing to *Henderson* and *Carter*, *supra*, among other authorities); *King v. Barone,* Civil Action No. 09-175, 2011 WL 3809940 at *7 (W.D. Pa. Aug. 4, 2011) (same).

To the extent the Magistrate Judge's R&R in this case can be read as establishing a per se bar to Plaintiff's retaliation claim based on the guilty finding alone, we agree with Plaintiff that *Carter, supra*, cannot be read as supporting such a result. Moreover, after consideration of Plaintiff's objections to the R&R, we agree that it was premature to dispose of Plaintiff's retaliation claim premised upon Misconduct # 839577,

---

[2] This approach seems to be based on the Supreme Court's holding in Superintendent v. Hill, 472 U.S. 445, 454-56 (1985), that a prison disciplinary board's decision to revoke good time credits satisfies the demands of due process as long as it is supported by "some evidence." See Henderson, supra, at 469 (citing Hill).

given the present state of the record. This claim was dismissed pursuant to Rule 12(b)(6) upon consideration of the misconduct report and plaintiff's appeal after a finding of guilty, both of which were appended to Plaintiff's second amended complaint as Ex. 13A and B. (See Dock. # 72-1 at pp. 42-44.) No further information was supplied by the Defendants concerning the nature of proof offered at the hearing or the institution's legitimate penological needs. Although we might be able to surmise that Officer McConnell offered testimony consistent with the charge he filed, there is nothing of record from the defense to evidence this point and it is not this Court's function, at the Rule 12(b)(6) stage, to supply inferences favorable to the defense. Therefore, upon further reflection, we believe the more prudent course of action is to allow this claim to proceed so that it may be adjudicated upon a more complete record. Accordingly, the Court will vacate its prior order dismissing Plaintiff's retaliation claim premised upon Misconduct # 839577.

(ii)

We turn next to Plaintiff's argument that he was entitled to a grant of summary judgment on each of his First Amendment retaliation claims, including the one just discussed. Again, to prevail on a First Amendment retaliation claim, a plaintiff must establish each of the following by a preponderance of the evidence: (a) the conduct leading to the alleged retaliation was constitutionally protected; (b) he or she suffered an "adverse action" at the hands of prison officials; and (c) the protected activity was a substantial or motivating factor in the prison officials' actions. *Bailey v. Blaine*, 183 Fed. Appx. 220, 222 (3d Cir. 2006) (*citing Rauser v. Horn*, 241 F.3d 330, 333-34 (3d Cir.2001)). To obtain summary judgment on a First Amendment retaliation claim, a

plaintiff must be able to show that there is no genuine dispute as to any material fact relative to each of the three elements and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

In her Report and Recommendation, the Magistrate Judge opined that the record in this case was not sufficiently developed to support a finding that there are no genuine issues of material fact relative to Plaintiff's retaliation claims premised upon his alleged forced recantation and the imposition of extra time in the RHU. This recommendation was well-founded and we therefore decline to revisit our prior ruling in this regard. We also decline to enter summary judgment in Plaintiff's favor relative to his retaliation claim premised upon Misconduct # 839577.

As to these claims, Defendants have denied almost all of Plaintiff's averments as being unsupported by appropriate evidence. (See Defs.' Resp. to Pl.'s Statement of Material Facts [89].) Pursuant to Federal Rule of Civil Procedure 56(c)(1), it was incumbent upon Plaintiff to demonstrate, by citing to appropriate materials in the record, that the facts essential to his retaliation claims could not be genuinely disputed by the Defendants. Instead, Plaintiff's summary judgment motion cites largely to the averments in his complaint and various exhibits[3] which consist almost entirely of Plaintiff's own self-serving statements set forth in various grievances, requests of prison staff and correspondence to DOC officials. None of the evidence supplied by Plaintiff elicits any material admissions from the Defendants by way of affidavits, deposition testimony, Rule 36 requests for admissions or otherwise which would preclude the Defendants

---

[3] Plaintiff principally cites averments in his first amended complaint [53] and various exhibits supposedly appended thereto which do not appear in the record at the cited docket number. Presumably, Plaintiff intended to rely on exhibits supplied in connection with his second amended complaint [72-1], so we consider those documents in connection with Plaintiff's rule 56 motion.

from disputing at time of trial factual issues essential to Plaintiff's claims – including, e.g., issues as to whether, as Plaintiff claims, McConnell forced him to recant certain statements under duress, whether McConnell repeated called Plaintiff "boy" and otherwise acted inappropriately during his interview of the Plaintiff, and/or whether any of McConnell's actions were undertaken with retaliatory motives.  Although a jury might be entitled to find in favor of Plaintiff on some or all of his remaining First Amendment retaliation claims, a jury would not be legally compelled to do so based on the record as it presently exists.  Accordingly, it was not error to deny Plaintiff's summary judgment motion and the Court's prior order to that effect will stand.

Accordingly after a *de novo* review of the complaint and documents in the case, together with the Report and Recommendation and Plaintiff's objections thereto, the following order is entered:

AND NOW, to wit, this 25th Day of April, 2012, IT IS ORDERED that this Court's prior Memorandum Order of December 19, 2011 [93] shall be, and hereby is, AMENDED insofar as it relates to the dismissal of Plaintiff's retaliation claim premised upon Misconduct Report number 839577.  For the reasons stated herein, that portion of the Court's Memorandum Order dismissing Plaintiff's retaliation claim shall be VACATED, and said claim shall be reinstated.  In all other respects, this Court's Memorandum Order of December 19, 2011 shall stand as previously entered.

          s/ <u>Sean J. McLaughlin</u>
          SEAN J. McLAUGHLIN
          United States District Judge

cm:    All parties of record
       U.S. Magistrate Judge Susan Paradise Baxter